NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| GALT CAPITAL, LLP, and BRUCE RANDOLPH TIZES, | ) ) ) | Civil No. 2002-63 |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| EDWARD A. SEYKOTA, | ) ) |  |
| Defendant. | ) ) ) |  |
| _____ | ) ) ) |  |
| EDWARD A. SEYKOTA, | ) ) |  |
| Counterclaimant and Third-party Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| GALT CAPITAL, LLP, and BRUCE RANDOLPH TIZES, | ) ) ) |  |
| Counterclaim Defendants, | ) ) |  |
| and SYDNEY STERN, | ) ) |  |
| Third-party Defendant. | ) ) |  |
| _____ | ) |  |

```
                                      )
                                      )
SYDNEY C. STERN,                      )      Civil No. 2002-134
                                      )
                  Plaintiff,          )
                                      )
            v.                        )
                                      )
EDWARD A. SEYKOTA,                    )
                                      )
                  Defendant.          )
                                      )
_____
```

**Attorneys:**


**A. Jeffery Weiss, Esq.**
     St. Thomas, U.S.V.I.
     *For Sydney C. Stern*,


**Kevin D'Amour, Esq.**
     St. Thomas, U.S.V.I.
     *For Edward A. Seykota*.


### ORDER

In Count II of Sydney Stern ("Stern")'s Counterclaim in Civil No. 2002-63, she alleges that under the doctrine of unjust enrichment, she is entitled to damages for her work on an investment business with Edward Seykota ("Seykota").   In Count III of her Counterclaim, Stern alleges that Seykota intentionally deceived Stern about her share of the profits in the investment business.   The Court previously granted summary judgment in favor of Seykota on Count III of Stern's Counterclaim.

Civil Nos. 2002-63 & 2002-134
Order
Page 3

"In a tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched)." *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d. Cir. 1999).

Stern's claim for unjust enrichment proceeds on the foundation of her intentional misrepresentation claim.  Once that traditional tort claim was dismissed, there was no basis for permitting Stern to proceed with a related unjust enrichment claim.  *See, e.g., Steamfitters*, 171 F.3d at 937.

Accordingly, it is hereby **ORDERED** that the Court's July 18, 2007, Judgment is **VACATED** with respect to Count II of Stern's Counterclaim;[1] and

It is further **ORDERED** that Seykota's motion of summary judgment will be **GRANTED** with respect to Count II of Stern's Counterclaim; and

---

[1] While it does not affect the Court's ruling today, it is worth noting that in the Court's July 18, 2007, Judgment, the Court inadvertently misstated the elements for unjust enrichment.  The correct elements of an unjust enrichment claim are: (1) that the defendant was enriched; (2) that such enrichment occurred at the plaintiff's expense; and (3) that equity and good conscience require the defendant return the benefit to the plaintiff.  *See Gov't Guar. Fund of Fin. v. Hyatt Corp.*, 995 F. Supp. 441, 460 (D.V.I. 1997); *Pourzal v. Marriott Intern'l, Inc.*, Civil No. 2001-140, 2006 WL 241818 at *3 (D.V.I., August 18, 2006) (not for publication).

Civil Nos. 2002-63 & 2002-134
Order
Page 4

It is further **ORDERED** that Count II of Sydney Stern's

Counterclaim will be **DISMISSED**.

**August 10, 2007**                              **s/**_____
                                                   **Curtis V. Gómez**
                                                   **Chief Judge**