NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

GALT CAPITAL, LLP, and BRUCE
RANDOLPH TIZES,

           Plaintiffs,

               v.

EDWARD A. SEYKOTA,

           Defendant.
_____

EDWARD A. SEYKOTA,

       Counterclaimant and
       Third-party Plaintiff,

             v.

GALT CAPITAL, LLP, and BRUCE
RANDOLPH TIZES,

       Counterclaim Defendants,

and SYDNEY STERN,

       Third-party Defendant.
_____

SYDNEY C. STERN,

           Plaintiff,

             v.

EDWARD A. SEYKOTA,

           Defendant.
_____

Civil No. 2002-63

Civil No. 2002-134

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 2

**Attorneys:**

**A. Jeffery Weiss, Esq.**
     St. Thomas, U.S.V.I.
     *For the Plaintiff*,

**Kevin F. D'Amour, Esq.**
     St. Thomas, U.S.V.I.
     *For the Defendant*.

**MEMORANDUM OPINION**

Before the Court is Edward Seykota's ("Seykota") motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure, or in the alternative, for a new trial or remittitur pursuant to Rule 59.

**I. FACTS**

The facts in this case surround the interpretation of an oral contract between Seykota and Sydney Stern ("Stern"). Stern met Seykota in the summer of 2007. Thereafter, Seykota confided in Stern that he would like to start a billion dollar hedgefund. Stern alleged that she and Seykota entered into a verbal contract to establish a partnership. In the partnership, Stern would perform the managerial and administrative duties while Seykota would conduct the trading. Under the terms of the agreement, Seykota would receive fifty percent of profits, and the partnership would receive the other fifty percent. That fifty percent was then evenly distributed between Stern and Seykota.

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 3

According to that formula, Seykota received seventy-five percent of the profits while Stern was entitled to twenty-five percent. Stern's share of the profits were then reinvested by Seykota.

In August, 2000, the partnership dissolved when Seykota started Galt Capital, LLP with Bruce Tizes ("Tizes").   In 2002, Stern demanded a share of the partnership profits from Seykota. Seykota refused to disburse the profits.   Seykota claimed that Stern was not entitled to any profits from the business.

Stern then filed suit against Seykota alleging, *inter alia*, breach of contract and unjust enrichment.   The matter was tried beginning on July 23, 2007 and ending on July 27, 2007.   The jury returned a verdict in favor of Stern on her breach of contract claim.[1]   The jury also awarded Stern $2,500,000 in compensatory damages.

Seykota now moves for a judgment as a matter of law, or in the alternative, for a new trial and remittitur of damages.

## II. DISCUSSION

### 1. Rule 50 standard

A motion for judgment as a matter of law must be made at any time prior to submission of the case to the jury.   Fed. R. Civ.

---

[1]   The only claims that were submitted to the jury were Stern's breach of contract and unjust enrichment claims against Seykota, and Seykota's wrongful possession claim against Stern.

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 4

P. 50(a)(2).[2]  Such motion must "specify the judgment sought and
the law and the facts on which the moving party is entitled to
the judgment.  *Id.*  Where a motion for judgment as a matter of
law is not granted, the motion may be renewed after entry of the
judgment.  Fed. R. Civ. P. 50(b).[3]

     In deciding a renewed motion for judgment as a matter of law
under Rule 50, "the Court must 'consider the evidence in the
light most favorable to the non-moving party.'" *Virgin Island
Maritime Serv., Inc. v. Puerto Rico Maritime Shipping Authority*,
978 F. Supp. 637, 645 (D.V.I. 1997) (quoting *Walmsley v. City of
Philadelphia*, 872 F.2d 546, 551 (3d Cir. 1989).  The Court will
deny the motion "'if there is evidence reasonably tending to

---

[2]  Rule 50 (a) states:

>     A motion for judgment as a matter of law may be made at
>     any time before the case is submitted to the jury.  The
>     motion must specify the judgment sought and the law and
>     facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a)(2).

[3]  Rule 50(b) states in part:

>     If the court does not grant a motion for judgment as a
>     matter of law made under subdivision (a), the court is
>     considered to have submitted the action to the jury
>     subject to the court's later deciding the legal
>     questions raised by the motion. The movant may renew
>     its request for judgment as a matter of law by filing a
>     motion no later than 10 days after the entry of
>     judgment....

Fed. R. Civ. P. 50(b).

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 5

support the recovery by the plaintiff as to any of its theories

of liability.'" *Id.* (quoting *Walmsley*, 872 F.2d at 551).

Judgment as a matter of law is appropriate only where "the

record is critically deficient of that minimum quantum of

evidence from which a jury might reasonably afford relief." *Davis*

*v. Christian*, Civ. App. No. 2001-095, 2005 WL 988854, at *3

(D.V.I. App. Div. 2005)(quoting *Honeywell, Inc. v. American*

*Standards Testing Bureau, Inc.*, 851 F.2d 652, 654-655 (3d Cir.

1988)).

**2. Rule 59 standard**

Rule 59 provides that a new trial may be granted on some or

all of the issues that were tried to the jury.  Fed. R. Civ. P.

59.  There is no fixed standard for granting a new trial.

Rather, the standard varies according to the grounds on which a

new trial is sought.  *Williams v. Rene*, 72 F.3d 1096, 1100 (3d

Cir. 1995).  The Court will grant a new trial or remittitur "only

if the 'verdict is clearly against the weight of the evidence as

to constitute a miscarriage of justice.'"  *Seafarers Intern.*

*Union of North America v. Thomas*, 42 F. Supp. 2d 547, 555 (D.V.I.

1999).  A new trial may also be granted where the verdict is

excessive or inadequate, probative evidence is newly discovered,

or where conduct by the court, counsel or the jury improperly

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 6

influenced the deliberative process.  *Peebles v. Moses*, 40 V.I.

75, 77 (V.I. 1999).

     "To remit damages, the judge must find that no rational

jury, acting on the basis of the full evidentiary record, and

without being inflamed by passion or prejudice or other improper

consideration, could have awarded such a large sum as damages."

*Henry v. Hess Oil Virgin Islands Corp.*, 163 F.R.D. 237, 243

(D.V.I. 1995). The decision to grant a motion for a new trial is

within the sound discretion of the court.  *Peebles*, 40 V.I. at

78.

### III. ANALYSIS

### 1. Rule 50 motion for judgment as a matter of law

     Seykota argues that he is entitled to judgment as a matter

of law pursuant to Rule 50(b) because there was insufficient

evidence to establish a breach of contract claim.  Seykota had

the option to raise this argument at the close of the plaintiff's

case or at the close of all the evidence, and chose not to do

so.[4]  As such, Seykota failed to preserve his insufficiency

_____

     [4]  At the close of Stern's case, Seykota moved for a
directed verdict on Stern's intentional infliction of emotional
distress claim.  This claim was previously voluntarily dismissed
by Stern.  Seykota did not move for a directed verdict on Stern's
breach of contract claim.  Likewise, at the close of all the
evidence, Seykota moved for a directed verdict on Stern's
intentional misrepresentation claim, but failed to move for a
directed verdict on the breach of contract claim.

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 7

claim.  *See Acosta v. Honda Motor Co., Ltd.*, 717 F.2d 828, 831-

832 (3d Cir. 1983)(noting that a motion for a judgment

notwithstanding the verdict must be preceded by a motion for a

direct verdict).[5]  Seykota cannot now seek to do what he failed

to do in the first instance.  *See, e.g.*, *Maduro v. P & M*

*National, Inc.*, Civ. No. 93-133, 1994 WL 16043237, at *3 (D.V.I.

App. Div. Oct. 20, 1994)(holding that trial court properly denied

a motion for judgment notwithstanding the verdict where the party

failed to move for a directed verdict).

## 2. Rule 59 motion for a new trial or remittitur

Seykota asserts that the Court committed various evidentiary

errors during trial.  Nevertheless, only three of these claims

warrant discussion, as the other claims are without merit.[6]

---

[5]  A motion for a directed verdict or for judgment
notwithstanding the verdict is treated as a motion for judgment
as a matter of law.  *See* Fed. R. Civ. P. 50, subd. (a), cmt. to
1991 amend.; *see also Lippay v. Christos*, 996 F.2d 1490, 1496 n.
6 (3d Cir. 1993).

[6]  Seykota contends that the following points require a new
trial: (1) plaintiff's counsels' statements were irrelevant and
prejudicial, (2) Stern's statements regarding her background were
irrelevant, (3) Stern's testimony that Seykota retained her
personal property at his Nevada residence prejudiced the jury,
(4) counsel's failure to heed the Court's repeated warnings
prejudiced the jury, (5) testimony by Bruce Tizes was irrelevant,
(6) Stern's expert was not qualified, (7) testimony of the
damages expert was in violation of Rule 403 of the Federal Rules
of Evidence, (8) Stern's counsel's attempt to quantify and
calculate damages in closing was prejudicial, (9) failure to
consider expenses was prejudicial, (10) Seykota's inability to

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 8

Seykota argues that the Court erred in excluding evidence of
Stern's prior bankruptcies.  Rule 403 of the Federal Rules of
Evidence permits the Court to exclude evidence whose probative
value is substantially outweighed by the danger of confusing the
issue or misleading the jury.[7]  The Court found that introduction
of the bankruptcy petitions in the instant case would lead to
confusion and would mislead the jury.  That is precisely the
purpose of Rule 403's exclusionary reach.  *See, e.g., Blancha v.
Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992)(noting that
"evidence may be excluded when its admission would lead to
litigation of collateral issues, thereby creating a side issue
which might distract the jury from the main issues").  Seykota's
argument, accordingly, must fail.

Seykota further argues that the Court improperly admitted
hearsay testimony in the form of e-mails that were authored by

_____

produce tax returns from 1997 to 1999 created a negative
inference in front of the jury , (11) complexity of the case,
(12) cross examination of Seykota regarding his relationship with
Tokyo-Mitsubishi, and (13) counsel's improper statements.

[7] Rule 403 states:

    Although relevant, evidence may be excluded if its
    probative value is substantially outweighed by the
    danger of unfair prejudice, confusion of the issues, or
    misleading the jury, or by considerations of undue
    delay, waste of time, or needless presentation of
    cumulative evidence.

Fed. R. Evid. 403.

third parties not present at trial.  Seykota states that although the Court later excluded the evidence, the jury was prejudiced when the e-mails were published.  The jury was instructed to entirely disregard any exhibit that was ordered to be stricken from the record.  A jury is presumed to understand and follow the Court's instructions.  *See Government of the Virgin Islands v. Rosa*, 399 F.3d 283, 297 (3d Cir. 2005)("[w]e must assume that juries for the most part understand and faithfully follow instructions."); *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir. 1998)("[J]uries are presumed to follow their instructions.").  Given the evidence in this case and the Court's clear instruction to the jury, it is unlikely that Seykota was prejudiced.

Moreover, where the jury would have reached the same verdict absent the inadmissible evidence, a new trial is not warranted.  *See Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655, 667 (3d Cir. 2002)(quoting *Glass v. Philadelphia Elec. Co.*, 34 F.3d 188, 191 (3d Cir. 1994)("In reviewing evidentiary rulings, if we find nonconstitutional error in a civil suit, such error is harmless only 'if it is highly probable that the error did not affect the outcome of the case.'").

Here, there was sufficient evidence for a jury to find that there was a breach of contract.  To establish a breach of

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 10

contract claim, Stern was required to prove that there was 1) an
agreement, 2) a duty created by that agreement, 3) a breach of
that duty, and 4) damages. *Stallworth Timber Co. v. Triad Bldg.*
*Supply*, 968 F. Supp. 279, 282 (D.V.I. App. Div. 1997). At trial,
testimony was offered on each element required to establish a
breach of contract claim. Even without the
e-mails, there was sufficient evidence for the jury to return a
verdict in favor of Stern. As such, a new trial is not
warranted.

Seykota also argues that the jury's verdict on damages was
excessive and not supported by evidence at trial. For a judge to
disturb a jury award based on the weight of the evidence, the
verdict must "be so unreasonable as to offend the conscience of
the court." *Murray v. Fairbanks Morse*, 610 F.2d 149, 152 (3d Cir.
1979). A verdict offends the conscience of the court where
"there is no rational basis in the record for the jury's award."
*Virgin Islands Maritime Serv., Inc. v. Puerto Rico Maritime*
*Shipping Authority*, 978 F. Supp. 637, 648 (D.V.I. 1997). Here,
Stern testified that under the agreement, she would receive
twenty-five percent of the profits. Stern also testified that
the partnership made $10,000,000 in 1999. The jury's verdict of
$2,500,000 was precisely twenty-five percent of that amount.
Accordingly, Seykota is not entitled to a remittitur of damages.

*Sydney Stern v. Edward Seykota*
Civ. Nos. 2002-63, 2002-134
Memorandum Opinion
Page 11

**CONCLUSION**

For the foregoing reasons, the Court finds that Seykota is not entitled to judgment as a matter of law, a new trial, or remittitur of damages.  An appropriate order will follow.